Gentlemen:
This is in answer to your requests for an opinion of this office. The questions as stated are as follows:
 "1. Under the provisions of section 51
of article IV of the constitution of Missouri, when a person serving in an appointive position for a term certain is reappointed to that position for an additional term at the expiration of the first term, and when the Senate is in session, does such person serve as a continuation of the first term until such time as his reappointment is confirmed, or does his second term commence immediately upon appointment subject to termination if consent is not given?
 "2. When a person serving in an appointive position for a term certain is reappointed to that position for an additional term at the expiration of the first term, and when the Senate is in session, but the reappointment is withdrawn by the governor prior to senate action or confirmation, but more than thirty (30) days after the appointment was submitted to the senate, does the withdrawal of the appointment create a tolling of the provisions of article IV, section 51 specifying a time period for confirmation of the first term? Or did the right to serve terminate thirty (30) days after the convening of the senate with no confirmation of the reappointment being made?
"3. Under the circumstances outlined above:
 (a) Would such person be eligible for another appointment to the same position notwithstanding the fact that the senate had failed to act on the prior appointment within thirty (30) days after the submission thereof?
 (b) If not, would the fact that such person would not be eligible for a later such appointment affect the right, if any, as the person otherwise would have to occupy the position until a successor is appointed and qualified?
 "4. Is there any limit to how long a person can continue to serve pending the appointment and qualification of a successor?"
The facts stated by Senator Banks which we assume to be complete and correct for the purposes of this opinion are as follows:
 "Governor Bond appointed Judy Svetanics to the St. Louis City Board of Election Commissioners for a term beginning on January 16, 1973, and ending on January 15, 1977, and she was duly confirmed by the senate. At the end of her first four-year term, Governor Teasdale reappointed her and submitted her name for confirmation on April 29, 1977. Before the Senate voted on confirmation the governor withdrew her name on June 6, 1977. She continued to serve on the board. When the general assembly was called into special session, Governor Teasdale again submitted her name on August 10, 1977. The name was withdrawn by the governor for a second time prior to senate confirmation on August 15, 1977. Mrs. Svetanics continues to serve on the board."
The facts stated by Senator Webster, which we assume to be complete and correct for the purposes of this opinion, are:
 "1. The message received from the Governor, dated April 29, 1977, appointing Mrs. Svetanics to succeed herself as a member of the Election Commission of the City of St. Louis;
 "2. A letter dated June 6, from the Governor, withdrawing that appointment;
 "3. A letter dated June 13, signed by the Secretary of the Senate, returning the Governor's appointment;
 "4. A letter dated August 10, 1977, in which the Governor reappointed Judy Svetanics as a member of the St. Louis Board of Election Commissioners to succeed herself;
 "5. A letter dated August 15, 1977, from the Governor, withdrawing the appointment of Judy Svetanics to succeed herself;
 "6. A letter of February 14, 1978, in which the Governor sought to appoint Mrs. Svetanics for the third time to succeed herself;
 "7. A series of entries from the Senate Journal showing the official receipt of the attached documents.
 "It should be borne in mind that Mrs. Svetanics was a holdover official, having been appointed by a previous Governor. The Senate was in session on April 29, 1977, at the time of her first appointment by Governor Teasdale, as well as on June 6, 1977, at the time of the withdrawal.
 "The Senate went into session at 2 p.m. on August 10, 1977. Immediately after the prayer by the Chaplain and roll call, the message from the Governor was read as it appears in the Journal. There is a question as to whether or not the appointment was physically received in the office of the Secretary of the Senate prior to 2 p.m., August 10, 1977. The general consensus, however, is that it did. If this is not a significant matter, further evidence need not be taken by the Committee. If it is, the Committee can proceed to seek to find out the exact moment that the appointment was received. It is known that it was brought into the chamber by Mrs. Ramsey so that it might be read during the very beginning portion of the session.
 "The Senate was in session at the time Mrs. Svetanics' appointment was withdrawn on August 15. The Senate was in session at the time Mrs. Svetanics' appointment was made again on February 14, 1978."
We enclose copies of our Opinions No. 226-1977, No. 203-1977 and No. 182-1977, which are applicable to questions you present.
For sake of brevity we will not repeat the substance of those opinions, however, we will apply the views we expressed therein to the questions you ask. In answer to your first question, when a person who is serving in an appointive position for a term certain is reappointed to that position for an additional term beginning with the expiration of the first term when the Senate is in session such appointment is simply a "nomination". In such case the incumbent who is already serving as a holdover in office continues to hold over until such appointment is confirmed by the Senate or the Senate rejects the nomination or fails to act on the nomination during such session if the nomination is not withdrawn before adjournment.
In answer to your second question, the previous opinions of this office indicate that it is our view that an appointment made during a session of the Senate is merely a nomination and is not subject to the thirty (30) day limitation of Section 51 of ArticleIV of the Missouri Constitution. Therefore, a withdrawal of a nomination made during a session of the Senate may take place before the Senate rejects the nomination or confirms the nomination during such session.
We believe our answer stated above also answers your third question. That is, we have stated that the thirty (30) day limitation is not applicable to nominations during a session and therefore a proper withdrawal would be effective so that the person's name could be resubmitted at another time.
In answer to your fourth question, it is our view that there is no limit as to how long a person holding over under Section 12
of Article VII of the Missouri Constitution may continue to serve pending the appointment and qualification of a successor.
Senator Webster has submitted several additional questions. The first of Senator Webster's questions asks whether the individual's acts as a member of the St. Louis City Board of Election Commissioners were legal after the withdrawal by the Governor of her name on June 6, 1977. We note that the Senate was in session on such date. As pointed out above, it is our view the withdrawal of her name on June 6 would not have terminated her service as a member of the board. We have concluded that such a withdrawal under these circumstances would not have affected such officer's right to continue in office as a holdover. In any event, it is also our view that even if such an officer were not acting as a dejure officer, the fact that such officer would be a defacto officer would not affect the validity of such officer's acts. This is because it is a recognized rule of law that the acts of a defacto officer will generally be held to be lawful because such rule provides the needed protection for the public. See Fort Osage Drainage District v. JacksonCounty, 275 S.W.2d 326 (Mo. 1955).
Senator Webster's second question asks concerning the significance of the August 10 appointment, which we refer to as a "nomination" since it was made during a session of the Senate. The first part of such question asks if the appointment was made prior to 2 p.m., August 10, 1977, the date we are informed that the session convened, whether the appointment could be withdrawn by the Governor. We are advised that it appears that the appointment was received in the Office of the Secretary of the Senate after the Senate convened although some doubt exists. Upon inquiry of the Office of the Secretary of State we are informed that no appointment of such person was filed with the Secretary of State's office in August of 1977. Such a filing is required under Section 28.060, RSMo, and would have been evidence, if such filing existed, of an appointment prior to the beginning of the session. It is our view in the absence of such a filing that the appointment or nomination transmitted to the Senate at the beginning of the session constituted a "nomination" subject to Senate approval. The mere fact such nomination may have been received by the Secretary of the Senate slightly prior to the precise hour the Senate convened does not alter the fact that it was clearly intended to be a mere nomination to be taken up by the Senate during the session. Therefore, such appointment could be withdrawn by the Governor. The second part of Senator Webster's second question asks whether the appointment could be withdrawn by the Governor if the appointment had been received by the Senate after 2 p.m., August 10, 1977, the hour of convening of the Senate. In view of the answer to the first part of Senator Webster's second question it is clear that the Governor has the power of withdrawal of a nomination made after the beginning of the session.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. Ltr. No. 182 8-17-77, Merrell
 Op. No. 203 11-22-77, Banks
 Op. No. 226 11-22-77, Webster